# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Lackawanna _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No:<br>21 CV 5 |

MAURI B. KELLY
LACKAWANNA COUNTY

*The information collected on this form is used solely for court administration purposes. This form does not*
*supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>Philip Minchoff, Jr. | Lead Defendant's Name:<br>Thomas Russell |
|---|---|

| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested:<br>(check one) | ☐ within arbitration limits<br>☒ outside arbitration limits |
|---|---|---|

| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Daniel Munley, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your
***PRIMARY CASE.*** If you are making more than one type of claim, check the one that
you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

EXHIBIT "A"

*Updated 1/1/2011*

**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

MAURI B. KELLY
LACKAWANNA COUNTY

'21 DEC 14 P 1:37

CLERK OF JUDICIAL
CIVIL DIVISION

PHILIP MINCHOFF, JR. and DOROTHY
MINCHOFF, his wife
17 Richard Street
Pottsville, PA 17901

              Plaintiffs

    v.

THOMAS RUSSELL
1302 Cardinal Road
Galax, VA 24333
SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC,
3800 N. Central Avenue
Phoenix, AZ 85012
SWIFT TRANSPORTATION CO., OF
PHOENIX, LLC,
2200 S. 75th Avenue
Phoenix, AZ 85043
SWIFT TRANSPORTATION SERVICES, LLC
3800 N. Central Avenue
Phoenix, AZ 85043

              Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

CIVIL ACTION - LAW
JURY TRIAL DEMANDED

21 CV 5414

No.

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northern PA Legal Services, Inc.
33 North Main Street, Suite 200
Pittston, PA 18640
570-299-4100

Pennsylvania Lawyer Referral Service
Lackawanna Bar Association Lawyer Referral Service
233 Penn Avenue
Scranton, PA 18503
570-969-9161

Munley Law, PC
The Forum Plaza - 227 Penn Avenue
Scranton, PA 18503
570-346-7401

MAURI B. KELLY
LACKAWANNA COUNTY

'21 DEC 14 P 1: 58

PHILIP MINCHOFF, JR. and DOROTHY
MINCHOFF, his wife
17 Richard Street
Pottsville, PA 17901

                Plaintiffs

        v.

THOMAS RUSSELL
1302 Cardinal Road
Galax, VA 24333
SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC,
3800 N. Central Avenue
Phoenix, AZ 85012
SWIFT TRANSPORTATION COMPANY OF
PHOENIX, LLC,
2200 S. 75th Avenue
Phoenix, AZ 85043
SWIFT TRANSPORTATION SERVICES, LLC:
3800 N. Central Avenue
Phoenix, AZ 85043

                Defendants

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

CIVIL ACTION - LAW
JURY TRIAL DEMANDED

No.

## **COMPLAINT**

**NOW** come Plaintiffs, Philip Minchoff, Jr. and Dorothy Minchoff , his wife, by and

through their undersigned counsel, Munley Law, P.C. and aver as follows:

      1.     Plaintiffs, Philip Minchoff, Jr. and Dorothy Minchoff ("Plaintiffs"), are

competent adult individuals who resides at 17 Richard Street, Pottsville, Pennsylvania 17901.

      2.     Defendant Thomas Russell ("Defendant Russell"), upon information and belief, is

a competent adult individual who resides at 1302 Cardinal Road, Galax, Virginia 24333.

3.      Defendant Swift Transportation Company of Arizona, LLC, upon information and belief, is Delaware limited liability company and/or other business entity with its principal address of business located at 3800 N. Central Avenue, Phoenix, Arizona 85012.

4.      Defendant Swift Transportation Company of Phoenix, LLC, upon information and belief, is Delaware limited liability company and/or other business entity with its principal address of business located at 2200 S. 75th Avenue, Phoenix, Arizona 85043.

5.      Defendant Swift Transportation Services, LLC, upon information and belief, is Delaware limited liability company and/or other business entity with its principal address of business located at 2200 S. 75th Avenue, Phoenix, Arizona 85043.

6.      Defendants Swift Transportation Company of Arizona, LLC, Swift Transportation Company of Phoenix, LLC, and Swift Transportation Services, LLC, will hereinafter be referred to collectively as "Defendant Swift."

7.      At all times pertinent hereto, upon information and belief, Defendant Russell was the agent, servant, workman, contractor and/or employee of Defendant Swift and was acting within the course and scope of his agency and/or employment.

8.      At all times pertinent hereto, Defendant Swift was the owner of a 2020 Large Truck, Indiana license plate number 2934982 and operated by Defendant Russell.

9.      At all times pertinent hereto, Defendant Swift regularly and consistently conducted business in the Commonwealth of Pennsylvania, including but not limited to Lackawanna County.

10.     At all times pertinent hereto, Plaintiff Philip Michoff was the operator of a 2014 large truck, Pennsylvania License Plate Number AG17580.

11.     On or about July 14, 2020, at approximately 8:27 A.M.., Plaintiff was operating his vehicle, traveling eastbound on State Route 22, Bethlehem Township, Northampton County, Pennsylvania, in the right lane of travel.

12.     At the same time and place, Defendant Russell was operating his vehicle in front of Plaintiff and operated his vehicle in such a negligent, careless, and reckless manner that he abruptly applied the brakes to exit onto the State Route 191 ramp at an unsafe speed, he turned right from the highway without using the exit ramp as a result of which cut off the path of travel of Plaintiff Philip Minchoff, Jr. causing the rear passenger side of Defendant Russell's vehicle to come into contact front driver side bumper.

13.     The collision and speed in which Defendant Russell was attempting to turn onto the exit ramp caused Defendant Russell's tractor and trailer to turn onto its driver side and come to a final rest facing southbound in the grassy median of the State Route 191 on ramp.

14.     The collision caused Plaintiff Philip Minchoff, Jr.'s vehicle to come to a final rest facing a southeastern direction on the State Route 191 on ramp.

15.     As a result of the collision, Plaintiff Philip Minchoff, Jr. suffered serious and permanent injuries.

16.     As a direct and proximate result of the collision, Plaintiff Philip Minchoff, Jr. suffered the following injuries: left leg pain, swelling to left labial area, bilateral hip pain, back pain, closed fracture of shaft and plateau of left tibia, acute kidney injury, and shock to his nerves and nervous system, by reason of which he was rendered sick, sore, lame, and forced to undergo great mental anguish, physical pain, embarrassment and humiliation, which will continue into the future because his injuries are permanent in nature.

17.     As a direct and proximate result of the collision and injuries sustained, Plaintiff Philip Minchoff, Jr. has been forced to undergo medical treatment, including but not limited to x-rays, diagnostic studies, medicines and physical therapy, which will continue in the future because his injuries are permanent in nature.

18.     As a result of the collision and injuries sustained, Plaintiffs have been obliged to expend money for medical services and medical attention, surgery, x-rays, diagnostic studies, medication, and other expenses in an effort to treat and cure Plaintiff Philip Minchoff, Jr. of the injuries suffered in this collision, and they will be obligated to expend additional sums of money for the same purposes in the future.

19.     As a result of the collision and injuries sustained, Plaintiff Philip Minchoff, Jr. has sustained a loss of the ability to provide household services, loss of everyday pleasures of life and enjoyment of life, and will continue to lose everyday pleasures of life for an indefinite period of time in the future.

20.     As a result of the collision and injuries sustained, Plaintiff Philip Minchoff, Jr. has suffered a loss of earnings and/or earning capacity, and will continue to suffer this loss into the future due to the permanency of his injuries.

21.     As a direct and proximate result of the collision and injuries sustained, Plaintiffs have experienced the following damages, losses and disabilities consisting of, but not limited to, the following:

      a.     Past, present and future pain and suffering;

      b.     Past, present and future emotional distress and mental anguish;

      c.     Past, present and future medical expenses;

      d.     Past, present and future disfigurement and scarring;

  e.  Past, present and future loss of life's pleasures;

  f.  Past, present and future loss of earnings and/or loss of earning capacity.

22.  All of the conditions, disabilities, medical impairments and/or injuries suffered by Plaintiffs are directly related to the tortious conduct of Defendants.

**COUNT ONE**
**Philip Minchoff, Jr. v. Thomas Russell**
**Negligence**

23.  The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

24.  The collision was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Russell and in no way due to any negligent act or failure to act on the part of the Plaintiff.

25.  The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Russell consisted of the following:

  a. Failure to give signal to warn of lane changing;

  b. Failure to keep a proper lookout;

  c. Failure to properly observe the roadway;

  d. Failure to brake his vehicle;

  e. Failure to properly control his vehicle;

  f. Failure to take proper and evasive action;

  g. Failure to keep his eyes on the roadway;

  h. Failure to maneuver his vehicle so as to avoid a collision;

  i. Taking his eyes off the road to look at his mobile GPS;

  j. Failure to exercise a degree of care which an ordinary and prudent person would

have done under the circumstances;

k.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

l.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

m.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

n.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

o.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

p.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

r.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

s.  Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

t.  Failure to inspect the vehicle prior to operating the vehicle;

u.  Failure to give warning of his approach;

v.  Failure to bring his vehicle to a stop within the assured clear distance ahead in

violation of 75 Pa.C.S.A. §3361;

w.  Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

x.  Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y.  Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z.  Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8;

jj. Driving while using a cellular phone without a Bluetooth or hands free device;

kk. Sending, reading and writing a text-based communication while operating a motor vehicle;

ll. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

26.     As a result of the above-stated acts and omissions, Plaintiff Philip Minchoff, Jr. has suffered injuries, damages and losses as has been previously stated herein.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Thomas Russell, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT TWO
### Philip Minchoff, Jr. v. Thomas Russelll
### Punitive Damages

27.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

28.     The conduct of Defendant Russell was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendant Russell knew or should have known that failing to use a signal when changing lanes would result in serious injury to others driving on the roadway. Defendant Russell knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway.

Defendant Russell knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Russell knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or his violation of the applicable hours of service regulations and/or his violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendant Russelll knew or should have know that driving while using a cellular phone without a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

29.     Despite such knowledge, Defendant Russell nevertheless failed to give signal to warn of lane changing; failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; took his eyes off the road to look at his mobile GPS; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of

the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;  failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands

free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

30. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages against Defendant Russell.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Russell in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE
### Philip Minchoff, Jr. v. Swift Transportation Company of Arizona, LLC
### Negligence

31. The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

32. The collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Swift and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff.

33. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Swift, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Russell, consisted of the following:

    a. Failure to give signal to warn of lane changing;

    b. Failure to keep a proper lookout;

    c. Failure to properly observe the roadway;

    d. Failure to brake his vehicle;

c.  Failing to prevent Defendant Russell from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Russell lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Russell with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Russell, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Russell as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Russell to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that the requirements for Defendant Russell to earn income from operating its vehicle would cause Defendant Russell to violate the rules of the road and/or drive while distracted and/or fatigued;

m.  Scheduling a run and/or requiring Defendant Russell to operate its vehicle between points in such periods of time as would necessitate Defendant Russell to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Russell to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Russelll to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Russell with proper training necessary to drive the vehicle safely;

t.  Failure to properly supervise Defendant Russell in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

35.  As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Company of Arizona, LLC in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT FOUR
### Philip Minchoff, Jr. v. Swift Transportation Company of Arizona, LLC
### Punitive Damages

36.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

37.     The conduct of Defendant Swift, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendant Swift and Defendant Russell knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway.  Defendant Swift and Defendant Russell knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Swift and Defendant Russell knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendant Swift and Defendant Russell knew or should have known that driving while using a cellular phone without a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

38.     Despite such knowledge, Defendant Swift, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to

Defendant Russell nevertheless failed to give signal to warn of lane changing; failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely

affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving;

operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety

Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the

applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been

adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his

vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable

hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so

fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

operated his vehicle in such a condition as to likely cause an accident or a breakdown of the

vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to

ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle

when he knew or should have known that he was unfit to do so; failed to record his duty status

properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth

or hands free device; sent, read and wrote a text-based communication while operating a motor

vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R.

§392.3.

     39.    The conduct of Defendant Swift was outrageous and/or done willfully, wantonly

and/or with reckless indifference to the rights of the public including Plaintiff, in their own right.

Defendant Swift knew of or should have known that Defendant Russell lacked the ability to

safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in

operating a motor vehicle. Defendant Swift knew or should have known that the manner in

which it conducted their business and compensated their agents, servants, workmen, and/or

employees, including but not limited to Defendant Russell, would cause its employees, including

Defendant Russell, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Swift knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant Siwft knew or should have known that permitting Defendant Russell to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Swift knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Swift knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell would result in serious injury to others driving on the roadway. Moreover, Defendant Swift knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

40.    Despite such knowledge, Defendant Swift nevertheless, negligently entrusted Defendant Russell with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Russell in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Russell from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Russell lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant

Russell with the equipment necessary to safely operate the vehicle; failed to maintain the brakes

on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant

Russell, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant

Russell as required by 49 CFR § 391 et seq.; permitted Defendant Russell to operate its vehicle

when it knew or should have known that he was too fatigued to do so safely in violation of 49

CFR § 392.3; permitted Defendant Russell to operate its vehicle when it knew or should have

known that he was unfit to do so; permitted Defendant Russell to operate its vehicle when it

knew or should have known he would drive while being distracted and/or fatigued; permitted

Defendant Russell to operate its vehicle when it knew or should have known that the

requirements for Defendant Russell to earn income from operating its vehicle would cause

Defendant Russell to violate the rules of the road and/or drive while distracted and/or fatigued;

scheduled a run and/or required Defendant Russell to operate its vehicle between points in such

periods of time as would necessitate Defendant Russell to operate the vehicle at too great a speed

in violation of 49 C.F.R. §392.6; permitted Defendant Russell to operate its vehicle when it knew

or should have known that he was operating the vehicle in excess of the applicable hours of

service in violation of  49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle

in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and

the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant

Russell to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49

C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Russell to violate the

Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle

in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed

to provide Defendant Russell with proper training necessary to drive the vehicle; and failed to

properly supervise Defendant Russell in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

41.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages against Defendant Swift.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Company of Arizona, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FIVE**
**Philip Minchoff, Jr. v. Swift Transportation Company of Phoenix, LLC**
**Negligence**

42.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

43.     The collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Swift and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff.

44.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Swift, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Russell, consisted of the following:

        a.   Failure to give signal to warn of lane changing;

        b.   Failure to keep a proper lookout;

        c.   Failure to properly observe the roadway;

        d.   Failure to brake his vehicle;

        e.   Failure to properly control his vehicle;

f.   Failure to take proper and evasive action;

g.   Failure to keep his eyes on the roadway;

h.   Failure to maneuver his vehicle so as to avoid a collision;

i.   Took his eyes off the road to look at his mobile GPS;

j.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

k.   Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

l.   Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

m.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

n.   Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

o.   Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

p.   Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q.   Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

r.   Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the

Commonwealth of Pennsylvania;

s.  Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

t.  Failure to inspect the vehicle prior to operating the vehicle;

u.  Failure to give warning of his approach;

v.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

w.  Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

x.  Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y.  Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z.  Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8;

jj. Driving while using a cellular phone without a Bluetooth or hands free device;

kk. Sending, reading and writing a text-based communication while operating a motor vehicle;

ll. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

45.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Swift, in its own right, consisted of the following:

a.  Negligently entrusting Defendant Russell with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Russell in the safe operation of the vehicle prior to entrusting him with it;

c.  Failing to prevent Defendant Russell from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Russell lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Russell with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Russell, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Russell as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Russell to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Russell to operate its vehicle when it knew or should have known that the requirements for Defendant Russell to earn

income from operating its vehicle would cause Defendant Russell to
violate the rules of the road and/or drive while distracted and/or
fatigued;

m. Scheduling a run and/or requiring Defendant Russell to operate its
vehicle between points in such periods of time as would necessitate
Defendant Russell to operate the vehicle at too great a speed in
violation of 49 C.F.R. §392.6;

n. Permitting Defendant Russell to operate its vehicle when it knew or
should have known that he was operating the vehicle in excess of the
applicable hours of service in violation of 49 CFR § 395.3;

o. Failure to operate, maintain, inspect and repair its vehicle in accord
with the applicable Federal Motor Carrier Safety Regulations rules and
regulations, and the statutes and regulations of the Commonwealth of
Pennsylvania;

p. Failure to require Defendant Russell to observe and abide by the
Federal Motor Carrier Safety Regulations in violation of 49 C.F.R.
§390.11;

q. Aiding, abetting, encouraging and/or requiring Defendant Russelll to
violate the Federal Motor Carrier Safety Regulations in violation of 49
C.F.R. §390.13;

r. Operating its vehicle in violation of the rules and regulations of the
Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Russell with proper training necessary to drive the vehicle safely;

t.  Failure to properly supervise Defendant Russell in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

46.  As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Company of Phoenix, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT SIX
### Philip Minchoff, Jr. v. Swift Transportation Company of Phoenix, LLC
### Punitive Damages

47.  The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

48.  The conduct of Defendant Swift, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendant Swift and Defendant Russell knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway.  Defendant Swift and Defendant Russell knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Swift and Defendant Russell knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for

the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendant Swift and Defendant Russell knew or should have known that driving while using a cellular phone without a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

49.     Despite such knowledge, Defendant Swift, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell nevertheless failed to give signal to warn of lane changing; took his eyes off the road to look at his mobile GPS; failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways

of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating

the vehicle in that the brakes were out of adjustment; failed to inspect the vehicle prior to

operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop

within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down

in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his

vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to

discontinue the use of his commercial motor vehicle when hazardous conditions adversely

affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving;

operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety

Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the

applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been

adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his

vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable

hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so

fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

operated his vehicle in such a condition as to likely cause an accident or a breakdown of the

vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to

ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle

when he knew or should have known that he was unfit to do so; failed to record his duty status

properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth

or hands free device; sent, read and wrote a text-based communication while operating a motor

vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R.

§392.3.

50.     The conduct of Defendant Swift was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff, in their own right. Defendant Swift knew of or should have known that Defendant Russell lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant Swift knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Russell, would cause its employees, including Defendant Russell, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Swift knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant Siwft knew or should have known that permitting Defendant Russell to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Swift knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Swift knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell would result in serious injury to others driving on the roadway. Moreover, Defendant Swift knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

51.     Despite such knowledge, Defendant Swift nevertheless, negligently entrusted Defendant Russell with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Russell in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Russell from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Russell lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Russell with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Russell, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Russell as required by 49 CFR § 391 et seq.; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Russell to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Russell to operate its vehicle when it knew or should have known that the requirements for Defendant Russell to earn income from operating its vehicle would cause Defendant Russell to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Russell to operate its vehicle between points in such periods of time as would necessitate Defendant Russell to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of  49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle

in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and

the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant

Russell to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49

C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Russell to violate the

Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle

in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed

to provide Defendant Russell with proper training necessary to drive the vehicle; and failed to

properly supervise Defendant Russell in the operation of its vehicle to ensure compliance with

the Federal Motor Carrier Safety Regulations.

52.     All of these acts did constitute a reckless indifference to the risk of injury to

Plaintiff. As a result, Plaintiff is seeking an award of punitive damages against Defendant Swift.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant

Swift Transportation Company of Phoenix, LLC, in an amount in excess of $50,000.00 plus

interest, costs and such other relief as this Court deems appropriate.

### COUNT SEVEN
### Philip Minchoff, Jr. v. Swift Transportation Services, LLC
### Negligence

53.     The preceding paragraphs above are incorporated by reference as if fully set forth

herein at length.

54.     The collision was due to the negligent conduct, careless conduct, and gross,

wanton, and reckless conduct of Defendant Swift and/or its agents, ostensible agents, servants,

workmen, and/or employees and in no way due to the negligent act or failure to act on the part of

Plaintiff.

55.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Swift, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Russell, consisted of the following:

    a.   Failure to give signal to warn of lane changing;

    b.   Failure to keep a proper lookout;

    c.   Failure to properly observe the roadway;

    d.   Failure to brake his vehicle;

    e.   Failure to properly control his vehicle;

    f.   Failure to take proper and evasive action;

    g.   Failure to keep his eyes on the roadway;

    h.   Failure to maneuver his vehicle so as to avoid a collision;

    i.   Taking his eyes off the road to look at his mobile GPS;

    j.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    k.   Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

    l.   Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

    m.   Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

    n.   Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

    o.   Driving recklessly and with willful and wanton disregard for the safety of

persons or property in violation of 75 Pa. C.S.A. §3736;

p. Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q. Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

r. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

s. Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

t. Failure to inspect the vehicle prior to operating the vehicle;

u. Failure to give warning of his approach;

v. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

w. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z. Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8;

jj. Driving while using a cellular phone without a Bluetooth or hands free device;

kk. Sending, reading and writing a text-based communication while operating a motor vehicle;

ll.  Operating his vehicle while being distracted and/or fatigued in violation of

49 C.F.R. §392.3.

56.  The negligent conduct, careless conduct, and gross, wanton and reckless conduct

of Defendant Swift, in its own right, consisted of the following:

a.  Negligently entrusting Defendant Russell with its vehicle when it

knew or should have known that he lacked sufficient skill, judgment,

and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Russell in the safe operation

of the vehicle prior to entrusting him with it;

c.  Failing to prevent Defendant Russell from operating the vehicle until

he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Russell lacked the

ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Russell with the equipment necessary to

safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including

Defendant Russell, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Russell as required by 49 CFR §

391 et seq.;

i.  Permitting Defendant Russell to operate its vehicle when it knew or

should have known that he was too fatigued to do so safely in violation

of 49 CFR § 392.3;

j. Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was unfit to do so;

k. Permitting Defendant Russell to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l. Permitting Defendant Russell to operate its vehicle when it knew or should have known that the requirements for Defendant Russell to earn income from operating its vehicle would cause Defendant Russell to violate the rules of the road and/or drive while distracted and/or fatigued;

m. Scheduling a run and/or requiring Defendant Russell to operate its vehicle between points in such periods of time as would necessitate Defendant Russell to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n. Permitting Defendant Russell to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o. Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Russell to observe and abide by the
Federal Motor Carrier Safety Regulations in violation of 49 C.F.R.
§390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Russelll to
violate the Federal Motor Carrier Safety Regulations in violation of 49
C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the
Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Russell with proper training necessary to
drive the vehicle safely;

t.  Failure to properly supervise Defendant Russell in the operation of its
vehicle to ensure compliance with the Federal Motor Carrier Safety
Regulations.

57.  As a result of the above-stated acts and omissions, Plaintiff has suffered such
harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant
Swift Transportation Services, LLC, in an amount in excess of $50,000.00 plus interest, costs
and such other relief as this Court deems appropriate.

## COUNT EIGHT
### Philip Minchoff, Jr. v. Swift Transportation Services, LLC
### Punitive Damages

58.  The preceding paragraphs above are incorporated by reference as if fully set forth
herein at length.

59.    The conduct of Defendant Swift, by and through the acts and or omissions of its

agents, servants, workmen, and/or employees, including but not limited to Defendant Russell

was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of

the public including Plaintiff. Defendant Swift and Defendant Russell knew or should have

known that operating his vehicle when he was too fatigued to do so safely and/or while being

distracted, would result in serious injury to others driving on the roadway.  Defendant Swift and

Defendant Russell knew or should have known that falling asleep while driving, would result in

serious injury to others. Furthermore, Defendant Swift and Defendant Russell knew or should

have known that failing to pay attention to the roadway and/or operating his vehicle too fast for

the conditions then present, and/or when he was in violation of the applicable hours of service

regulations and/or while he was in violation of the federal motor carrier safety regulations, would

result in serious injury to others driving on the roadway. Additionally, Defendant Swift and

Defendant Russell knew or should have known that driving while using a cellular phone without

a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

60.    Despite such knowledge, Defendant Swift, by and through the acts and/or

omissions of its agents, servants, workmen, and/or employees, including but not limited to

Defendant Russell nevertheless failed to give signal to warn of lane changing; failed to keep a

proper lookout; failed to properly observe the roadway; took his eyes off the road to look at his

mobile GPS; failed to brake his vehicle; failed to properly control his vehicle; failed to take

proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle

so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent

person would have done under the circumstances; failed to remain attentive and to maintain a

sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the

impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Bethlehem Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so

fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

operated his vehicle in such a condition as to likely cause an accident or a breakdown of the

vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to

ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle

when he knew or should have known that he was unfit to do so; failed to record his duty status

properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth

or hands free device; sent, read and wrote a text-based communication while operating a motor

vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R.

§392.3.

61.    The conduct of Defendant Swift was outrageous and/or done willfully, wantonly

and/or with reckless indifference to the rights of the public including Plaintiff, in their own right.

Defendant Swift knew of or should have known that Defendant Russell lacked the ability to

safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in

operating a motor vehicle. Defendant Swift knew or should have known that the manner in

which it conducted their business and compensated their agents, servants, workmen, and/or

employees, including but not limited to Defendant Russell, would cause its employees, including

Defendant Russell, to violate the rules of the road and/or drive while distracted and/or fatigued.

Defendant Swift knew or should have known that allowing its employees to violate the rules of

the road and/or drive while distracted and/or fatigued would result in serious injury to the

traveling public, including Plaintiff. Defendant Siwft knew or should have known that permitting

Defendant Russell to operate its tractor-trailer when he was not qualified to do so, when he could

not do so safely, when he would be operating the truck when he was too fatigued to do so and

while he was in violation of the applicable hours of service regulations would result in serious

injury to others driving on the roadway. Defendant Swift knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Swift knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Russell would result in serious injury to others driving on the roadway. Moreover, Defendant Swift knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

62.    Despite such knowledge, Defendant Swift nevertheless, negligently entrusted Defendant Russell with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Russell in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Russell from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Russell lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Russell with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Russell, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Russell as required by 49 CFR § 391 et seq.; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Russell to operate its vehicle when it

knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Russell to operate its vehicle when it knew or should have known that the requirements for Defendant Russell to earn income from operating its vehicle would cause Defendant Russell to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Russell to operate its vehicle between points in such periods of time as would necessitate Defendant Russell to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Russell to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of  49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Russell to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Russell to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Russell with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Russell in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

63.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages against Defendant Swift.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Services, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT EIGHT
### Dorothy Minchoff v. Thomas Russell
### Loss of Consortium

64.  The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

65.  At all times here pertinent, Plaintiff Dorothy Michoff was and is the wife of Plaintiff Philip Michoff.

66.  Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Plaintiff Philip Michoff, Plaintiff Dorothy Michoff, as wife of Plaintiff Philip Michoff, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

67.  By reason of the aforesaid collision, Plaintiff Dorothy Michoff has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Dorothy Minchoff demands judgment against Defendant Thomas Russell, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT NINE
### Dorothy Minchoff v. Swift Transportation Company of Arizona, LLC
### Loss of Consortium

68.  The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

69.  At all times here pertinent, Plaintiff Dorothy Michoff was and is the wife of Plaintiff Philip Michoff.

70.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Plaintiff Philip Michoff, Plaintiff Dorothy Michoff, as wife of Plaintiff Philip Michoff, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

71.     By reason of the aforesaid collision, Plaintiff Dorothy Michoff has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Company of Arizona, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT TEN
### Dorothy Minchoff  v. Swift Transportation Company of Phoenix, LLC
### Loss of Consortium

72.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

73.     At all times here pertinent, Plaintiff Dorothy Michoff was and is the wife of Plaintiff Philip Michoff.

74.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Plaintiff Philip Michoff, Plaintiff Dorothy Michoff, as wife of Plaintiff Philip Michoff, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

75.     By reason of the aforesaid collision, Plaintiff Dorothy Michoff has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Company of Phoenix, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT ELEVEN
### Dorothy Minchoff v. Swift Transportation Services, LLC
### Loss of Consortium

76.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

77.     At all times here pertinent, Plaintiff Dorothy Michoff was and is the wife of Plaintiff Philip Michoff.

78.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Plaintiff Philip Michoff, Plaintiff Dorothy Michoff, as wife of Plaintiff Philip Michoff, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

79.     By reason of the aforesaid collision, Plaintiff Dorothy Michoff has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Philip Minchoff, Jr. demands judgment against Defendant Swift Transportation Services, LLC, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, PC**

By: _Daniel W. Munley_
    Daniel W. Munley
    I.D. No. 77441
    Caroline Munley
    I.D. No. 92525
    Attorneys for Plaintiffs

## **VERIFICATION**

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Phillip Minghoff

## **VERIFICATION**

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Dorothy Minchoff

**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

| | |
|---|---|
| PHILIP MINCHOFF, JR. and DOROTHY MINCHOFF, his wife<br>17 Richard Street<br>Pottsville, PA 17901 | :    IN THE COURT OF COMMON PLEAS<br>:       OF LACKAWANNA COUNTY |

PHILIP MINCHOFF, JR. and DOROTHY
MINCHOFF, his wife
17 Richard Street
Pottsville, PA 17901
           Plaintiffs
      v.

THOMAS RUSSELL
1302 Cardinal Road
Galax, VA 24333
SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC,
3800 N. Central Avenue
Phoenix, AZ 85012
SWIFT TANSPORTATION CO., OF
PHOENIX, LLC,
2200 S. 75th Avenue
Phoenix, AZ 85043
SWIFT TRANSPORTATION SERVICES, LLC:
3800 N. Central Avenue
Phoenix, AZ 85043
           Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE COURT OF COMMON PLEAS
   OF LACKAWANNA COUNTY

     CIVIL ACTION - LAW
     JURY TRIAL DEMANDED

No.

## CERTIFICATE OF COMPLIANCE

     I certify that this filing complies with the provisions of the Public Access Policy of the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that

require filing confidential information and documents differently than non-confidential

information and documents.


Signature: _Daniel W. Munley_

Daniel W. Munley
Attorney for Plaintiff
ID No.: 77441